# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>KERRI JEAN DELGADO, a/k/a<br>Kerri Correia, a/k/a<br>Jennifer Lewis,<br><br>      Defendant. | No. 13-CR-4097-DEO<br><br>ORDER ACCEPTING<br>11(c)(1)(C) REPORT AND<br>RECOMMENDATION CONCERNING<br>GUILTY PLEA |

_____

## I. INTRODUCTION AND BACKGROUND

Before the Court is Magistrate Judge Leonard T. Strand's Report and Recommendation Concerning Guilty Plea (Docket No. 23, 12/17/2013).

On November 13, 2013, a one count Indictment (Docket No. 2) was returned in the above-referenced case. On December 17, 2013, Defendant Kerri Jean Delgado appeared before United States Magistrate Judge Leonard T. Strand and entered a guilty plea to Count One of the Indictment, under a binding plea agreement with the Government, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).[1] Pursuant to the terms of the plea agreement, the defendant would be sentenced to a term of

---

[1] The plea agreement is filed at Docket No. 20.

imprisonment of at least three months, including credit for any time served prior to being sentenced; the last thirty (30) (approximate) days of which may be served in an in-patient substance abuse treatment facility (if admission to such treatment is obtained) and one year of supervised release. This sentence shall be concurrent with any term of imprisonment and term of supervised release to be imposed in case number CR03-3079-DEO (revocation will be held at the time of sentencing in this case).

Count One of the Indictment charges that from about October 7, 2013, through about October 15, 2013, in the Northern District of Iowa, defendant Kerri Jean Delgado, also known as Kerri Correia, also known as Jennifer Lewis, did willfully and knowingly make and cause to be made a materially false, fictitious, and fraudulent statement(s) and representation(s) in a matter within the jurisdiction of a department or agency of the United States by making false statements regarding: (1) her own identity (legal name); (2) the whereabouts or likely whereabouts of Anthony Goodshield; (3) the nature of her relationship to Anthony Goodshield; (4) the existence of her boyfriend, Robert Milner (alleged); (5)

how long when she lived at 2110 Summit Street, #101, Sioux City, Iowa; and (6) the existence of Lisa Sanchez (Anthony Goodshield's alleged girlfriend), to a deputy or deputies with the United States Marshals Service, at Sioux City, Iowa, in the Northern District of Iowa. The statement(s) and representation(s) were false because, as Kerri Jean Delgado, also known as Kerri Correia, also known as Jennifer Lewis then and there knew: (1) her legal name was Kerri Delgado; (2) she had knowledge of Anthony Goodshield's whereabouts or likely whereabouts (including that Anthony Goodshield was not at/on the Winnebago Indian reservation); (3) Anthony Goodshield was her boyfriend; (4) Robert Milner was not her boyfriend; (5) she had lived at 2110 Summit Street, #101, Sioux City, Iowa, for several months; and (6) Lisa Sanchez is not Anthony Goodshield's girlfriend (and likely does not exist).

This was in violation of Title 18, United States Code, Sections 1001.

The Report and Recommendation (Docket No. 23) recommends that defendant Kerri Jean Delgado's guilty plea be accepted. Waivers of objections to Judge Strand's Report and Recommendation were filed by each party (Docket Nos. 24 and

24). The Court, therefore, undertakes the necessary review to accept defendant Kerri Jean Delgado's plea in this case.

## II. ANALYSIS

### A. Standard of Review

Pursuant to statue, this Court's standard of review for a magistrate judge's Report and Recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's Report and Recommendation on dispositive motions and prisoner petitions, where objections are made as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommendation decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

As mentioned, waivers of objections to the Report and Recommendation have been filed, and it appears to the Court upon review of Magistrate Judge Strand's findings and conclusions that there are no grounds to reject or modify them.

**IT IS THEREFORE HEREBY ORDERED** that this Court accepts Magistrate Judge Strand's Report and Recommendation (Docket No. 23), and accepts defendant Kerri Jean Delgado's plea of guilty in this case to Count One of the Indictment (Docket No. 2). **At the time of sentencing, the Court will determine whether to accept the parties' Rule 11(c)(1)(C) plea agreement and the agreed upon sentenced in that plea agreement**.[2]

---

[2] Pursuant to Federal Rules of Criminal Procedure 11(c)(5):

> if the Court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the Court must do the following on the record and in open court (or, for good cause, in camera):
>
> (A) inform the parties that the Court rejects the plea agreement;
>
> (B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
>
> (C) advise the defendant personally that if the plea is not withdrawn, the
>
> (continued...)

**IT IS SO ORDERED** this 22nd day of January, 2014.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

---

²(...continued)
   court may dispose of the case less
   favorably toward the defendant than
   the plea agreement contemplated.